UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Adam Zakaria A. Ahmed,

Petitioner

v.

Todd Blanche, et al.,

Respondents

Case No. 2:26-cv-01058-CDS-BNW

**Order Granting Amended Petition for Writ of Habeas Corpus, Denying as Moot Motion for Temporary Restraining Order, and Ordering the Respondents to Release Petitioner by November 25, 2026**

[ECF No. 7, 14]

Petitioner Adam Zakaria A. Ahmed is a citizen of Sudan who is currently in the custody of the United States Immigration and Customs Enforcement (ICE) agency.[1] Am. pet., ECF No. 7 at 2. Ahmed filed an amended petition for a writ of habeas corpus requesting his release because his continued, indefinite detention violates his Fifth Amendment right to due process when his removal is not reasonably foreseeable.[2] *Id.* at 14–16. The federal respondents oppose the amended petition.[3] Return, ECF No. 10. The amended petition is fully briefed. *See* Traverse, ECF No. 13. I grant the amended petition and order Ahmed's release.

## I. Background

Ahmed first entered the United States in 2001 and was admitted as a refugee. ECF No. 7 at 4. In 2004, Ahmed was ordered removed to Sudan or Australia after being convicted of an aggravated felony but was later granted withholding of removal and was released under an order of supervision. *Id.*; ECF No. 13-1 at 5–6; ECF No. 13-3 at 7. On September 28, 2025, Ahmed was placed into ICE custody. *Id.* at 4–5. On February 25, 2026, an immigration judge (IJ) vacated Ahmed's withholding and ordered him removed to Sudan or Australia. ECF No. 7 at 5; ECF No.

[1] I refer herein to all named respondents collectively as "the respondents."
[2] Ahmed raises other challenges to his detention. ECF No. 7 at 16–20. Because I find his continued detention violates his right to due process, I need not reach a decision on his other arguments. Ahmed also seeks his release through a motion for a temporary restraining order. Motion, ECF No. 14. Because I grant his petition, his motion for a temporary restraining order is denied as moot.
[3] Respondent John Mattos takes no position on the petition. Return, ECF No. 9.

10-2; ECF No. 13-3. Ahmed appealed that decision, but the appeal was rejected on April 2, 2026. ECF No. 10 at 2–3; ECF No. 10-3. Ahmed remains in custody. *See* ECF No. 7.

Based on those allegations, Ahmed brings this habeas action, arguing that his continued, indefinite detention violates his Fifth Amendment right to due process because his removal is not reasonably foreseeable. ECF No. 7 at 14–16. In support of that assertion, Ahmed claims that he cannot be removed to Sudan or Australia as evidenced by the federal respondents' failure to remove him for over two decades and their failure to make preparations to deport him during his current detention. *Id.* at 15–16.

The federal respondents oppose the amended petition. ECF No. 10. They first challenge this court's jurisdiction, arguing that this court does not have jurisdiction to resolve Ahmed's petition because 8 U.S.C. § 1252(b)(9) and (g) deprive this court of subject matter jurisdiction and instead "funnel judicial review of every aspect of removal proceedings into a petition for review filed in the courts of appeals." *Id.* at 8. Next, using the rejection date of Ahmed's withholding appeal rather than the 2004 order of removal, the federal respondents assert that the "180-day removal period"[4] has not yet expired because, at the time they filed their return, Ahmed had only been detained 60 days. *Id.* at 10.

In his traverse, Ahmed asserts "[t]he Supreme Court was clear in *Zadvydas* that § 2241 is a proper forum to challenge post-removal detention." ECF No. 13 at 4. Ahmed also argues that his 90-day removal period ended 90 days after his order of removal became administratively final in 2004. *Id.* at 6. Ahmed adds that the six-month presumptively reasonable period of detention under *Zadvydas* expired three months after his withholding was revoked on February 25, 2026, or that it had already expired by February 25, 2026, when considering the cumulative time he spent detained since 2004. *Id.* at 6–11. And Ahmed contends that the respondents do not argue that his removal is reasonably foreseeable. *Id.* at 11.

---

[4] It appears that the federal respondents confuse the 90-day removal period and the six-month period of presumptive reasonableness. *See Zadvydas v. Davis* 533 U.S. 678 (2001) (recognizing a six-month presumptive period of reasonableness for detention under 8 U.S.C. § 1231(a)(6)).

## II. Legal authority

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas*, 533 U.S. at 687; *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

"Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). That 90-day removal period begins on the latest of the following:

> **(i)** The date the order of removal becomes administratively final.
> **(ii)** If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> **(iii)** If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* at 1231(a)(1)(B). "During the removal period, the Attorney General shall detain the alien." *Id.* at 1231(a)(2)(A). But if the removal period expires, the alien can remain detained for a reasonable time under 8 U.S.C. § 1231 (a)(6). *See Zadvydas*, 533 U.S. at 682 (construing 8 U.S.C. § 1231(a)(6) as containing an implicit "reasonable time" limitation). Six months of total detention is presumed reasonable. *Id.* at 701. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

## III. Discussion

### A. The court has jurisdiction.

Before considering the merits of Ahmed's petition, the court first finds that it has jurisdiction. *See Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1112 (9th Cir. 2016) ("As always, before resolving any of the merits arguments, we must first 'assure ourselves that we have jurisdiction.'" (citation omitted)). First, the Ninth Circuit has already implicitly rejected the federal respondents' jurisdiction argument. *See Ibarra-Perez v. United States*, 154 F.4th 989, 995–1000 (9th Cir. 2025). Even more, this District has *repeatedly* rejected the federal respondents' jurisdiction argument. *See Zarate v. Blanche*, 2026 WL 1005872, at *2 (D. Nev. Apr. 14, 2026) (collecting cases). As with other courts in this District, I likewise reject the federal respondents' jurisdiction argument and find that I have subject matter jurisdiction to decide Ahmed's habeas petition asserting a violation of his Fifth Amendment right to due process. *See Zadvydas*, 533 U.S. 678, 687–88 (noting that "the primary federal habeas corpus statute, 28 U.S.C. § 2241, confers jurisdiction upon the federal courts to hear these cases" and that even though "Congress has enacted several statutory provisions that limit the circumstances in which judicial review of deportation decisions is available," "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.")

### B. Ahmed's continued detention violates his right to due process.

I find Ahmed's continued detention unconstitutional because (1) the removal period and the presumptively reasonable period of detention have both expired and (2) Ahmed's removal does not appear significantly likely in the reasonably foreseeable future. Assuming, without deciding, that the period of removal and the period of presumptive reasonableness began on April 2, 2026, both deadlines have since expired.[5] That means that Ahmed may only remain

---

[5] The parties do not explain why they treat the vacatur of withholding as affecting the finality of the 2004 order of removal. *Cf. Johnson v. Guzman Chavez*, 594 U.S. 523, 536, 540 (2021) (explaining that a removal order "remains in full force" and "is not vacated or otherwise set aside" during withholding-only proceedings and that "[b]ecause the validity of removal orders is not affected by the grant of

detained under § 1231(a)(6) so long as his detention is reasonable, but his detention is no longer presumptively reasonable. Moreover, Ahmed has demonstrated that there is no significant likelihood of removal in the reasonably foreseeable future when the federal respondents have been unable to remove him for over two decades, including over the past year since his 2025 detention. And the federal respondents fail to rebut that point. I therefore find that Ahmed's continued detention violates his Fifth Amendment right to due process and order his release. The federal respondents' failure to comply with due process is unacceptable.

## IV. Conclusion

IT IS THEREFORE ORDERED that petitioner Adam Zakaria A. Ahmed's amended petition for a writ of habeas corpus **[ECF No. 7] is GRANTED**.

IT IS FURTHER ORDERED that the respondents must release petitioner Adam Zakaria A. Ahmed from the custody of the Nevada Southern Detention Center by Wednesday, November 25, 2026, no later than 1:00 p.m. The respondents must transport Ahmed to 501 Las Vegas Blvd. South, Las Vegas, Nevada that same day. The respondents must advise Ahmed's counsel of the estimated time of release in advance of that release for coordination purposes.

IT IS FURTHER ORDERED Adam Zakaria A. Ahmed is placed under the *same* order of supervision that was in place before he was detained in September 2025. The federal respondents must not impose release conditions that substantially interfere with Ahmed's liberty, such as location monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

IT IS FURTHER ORDERED that the respondents return all of Adam Zakaria A. Ahmed's personal property to him upon his release.

---

withholding-only relief, an alien's initiation of withholding-only proceedings does not render non-final an otherwise 'administratively final' reinstated order of removal").

IT IS FURTHER ORDERED that the federal respondents must file a notice of compliance with this order detailing the date, time, and location of Adam Zakaria A. Ahmed's release no later than Monday, November 30, 2026, at 4:00 p.m. Once the court receives that notice, this case will be closed.

IT IS FURTHER ORDERED that the respondents are enjoined from re-detaining Adam Zakaria A. Ahmed absent proof of changed circumstances making his removal reasonably foreseeable.

IT IS FURTHER ORDERED that if the respondents desire to remove Adam Zakaria A. Ahmed to a third county, they must (1) provide the petitioner with notice of his purported third-country removal; (2) ask the petitioner whether he fears persecution or harm upon removal to the designated country and memorialize in writing the petitioner's response; (3) inform the petitioner that he may seek asylum, withholding, and relief under the United Nations Convention Against Torture by filing a motion to reopen with the immigration courts if the answer to that question is yes; and (4) provide adequate time to prepare and file a motion to reopen.

IT IS FURTHER ORDERED that Adam Zakaria A. Ahmed's motion for a temporary restraining order **[ECF No. 14] is DENIED as moot.**

Dated: November 23, 2026

_____________________________
Cristina D. Silva
United States District Judge